GARZA V. STATE



NO. 07-00-0561-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 9, 2001



______________________________




GABRIEL GARZA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99-431453; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ABATEMENT AND REMAND


 Pursuant to a plea of guilty, appellant Gabriel Garza was convicted of burglary of
a habitation with intent to commit theft and punishment was assessed at ten years
confinement, probated for five years. Upon the State's application, community supervision
was revoked for violations of the terms and conditions thereof, and the original punishment
of 10 years confinement was imposed. After appellant perfected his appeal, the clerk's
record was filed on February 5, 2001. Three motions for extensions of time in which to file
the reporter's record were previously granted because the court reporter, Ms. Vicki Laing
explained that counsel for appellant, Mr. Anthony Williams, had not made arrangements
to pay for the record. By letter dated April 6, 2001, this Court requested Mr. Williams to
explain within 15 days why he had failed to communicate with Ms. Laing regarding the
reporter's record. Mr. Williams did not respond. On May 7, 2001, Ms. Laing filed her fourth
motion for extension of time in which to file the reporter's record. 

 We now abate this appeal and remand the cause to the trial court for further
proceedings. Ms. Laing's fourth motion for extension of time is held in abeyance until such
time as this appeal is reinstated. Upon remand, the trial court shall immediately cause
notice of a hearing to be given and, thereafter, conduct a hearing to determine the
following: 

 1. whether appellant desires to prosecute the appeal, and if so,

 2. whether appellant has been denied effective assistance of counsel;
and

 3. whether appellant is indigent and entitled to a free reporter's
record and appointment of new counsel.


The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant desires to continue the appeal and is indigent, then the trial court shall also take
such measures as may be necessary to assure appellant effective assistance of counsel,
which measures may include the appointment of new counsel. If new counsel is
appointed, the name, address, telephone number, and state bar number of said counsel
shall be included in the order appointing new counsel. Finally, the trial court shall execute
findings of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues, and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included
in the appellate record. Finally, the trial court shall file the supplemental clerk's record and
the supplemental reporter's record with the Clerk of this Court by Friday June 29, 2001.

 It is so ordered.


 Per Curiam



Do not publish. 



for her response. On January 8, 2009, Ms. Ricker
responded by letter to the Clerk of this Court as follows:
This letter is to inform you that we do not represent Mr. Johnny Sanchez on
his appeal. He is represented by Mr. Dan Hurley. Please forward any other
correspondence to him. Let me know if you require anything further from me.
          By letter of January 23, 2009, this Court notified Ms. Ricker that pursuant to Rule
6.1(a) of the Texas Rules of Appellate Procedure, she remained Appellant’s lead counsel
and, pending her withdrawal pursuant to Rule 6.5, she bore the responsibility for requesting
preparation and payment of the appellate record. Ms. Ricker was directed to certify, in
writing, compliance with the Texas Rules of Appellate Procedure on or before February 6,
2009, noting that failure to do so might result in the appeal being abated and the cause
remanded for further proceedings. The February 6th deadline lapsed without a response
and on February 10, 2009, the Clerk of this Court made inquiry with the Hockley County
District Clerk regarding Appellant’s representation. The Clerk of this Court was notified that
no order appointing counsel to represent Appellant on appeal had been entered and that
Ms. Ricker remained the attorney of record. To date, Ms. Ricker has not heeded any of this
Court’s directives.
          Therefore, we now abate this appeal and remand the cause to the trial court for
further proceedings. See Tex. R. App. P. 37.3(a)(2). Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following: 
          1.      whether Appellant desires to prosecute the appeal;
2.whether Appellant is indigent and entitled to appointed counsel; and
3.whether Anna J. Ricker has effectively abandoned the appeal given
her failure to comply with this Court’s directives and her failure to
request preparation of the appellate record and make arrangements
to pay for the record.
Should it be determined that Appellant does want to continue the appeal and the court
determines that he is indigent and entitled to appointed counsel or has retained new
counsel, the name, address, telephone number, and state bar number of the newly-appointed or newly-retained counsel shall be provided to the Clerk of this Court. Finally,
the trial court shall execute findings of fact, conclusions of law, and any necessary orders
it may enter regarding the aforementioned issues and cause its findings, conclusions, and
orders, if any, to be included in a supplemental clerk's record. A supplemental reporter’s
record of the hearing, if any, shall also be included in the appellate record. Finally, the trial
court shall file the supplemental clerk's record and the supplemental reporter's record with
the Clerk of this Court by March 13, 2009.
          It is so ordered.
Per Curiam
 
 
 
Do not publish.